UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KENNETH MYERS,**

    **Plaintiff,**

    v.                                                                                   **CIV. NO. 07-833  JH/ACT**

**ROGERS TRUCKING, INC.
and ROBERT GWINN,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Compel filed July 2, 2008 [Doc. 35]. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendants' Motion is not well taken and will be denied.

Defendant's Motion seeks an order from the Court compelling Plaintiff to produce documents requested in Defendant's First Set of Request for Production to Plaintiff Myers, Nos. 5 and 6. Though not acknowledged by Defendants in their reply, Plaintiff provided an amended response to Requests for Production Nos. 5 and 6. In his amended response, Plaintiff executed a Form 4506 entitled Request for Copy of Tax Return as requested in Request for Production No. 5. Thus, that issue has been resolved and the Court will deny as moot this part of Defendants' Motion.

Request for Production No. 6 states:

Any and all records relating to any allegations that plaintiff Myers lost wages due to time off, including but no limited to W-4 forms, payroll records and business and personal income tax returns for the seven (7) years prior to this accident and for the years subsequent to this accident, as well as any Worker's Compensation records evidencing time off work.

In their amended response Defendants state:

There are no records or documents relating to any lost wages as requested in Request for Production No. 6. Ken Myers receives the same amount of compensation whether he was injured or not, whether he attended work or not and whether he worked a two-hour day or

a ten-hour day.  There are no records or document relating to his lost wages due to time off work because he was paid his salary in the full amount in 2005, 2006 and 2007.  For this reason, the Complaint for Money Damages contains no claim for lost wages.
In addition, Ken Myers is not covered through his company's workers compensation insurance due to his position with the company.

Request for Production No. 6 states as its basis for the documents request that Plaintiff is claiming lost wages.  As Plaintiff is not making this claim, Defendants argue this information is discoverable to "independently assess and verify Plaintiff's deposition statements, work history and cognitive abilities after the accident."  Reply at 2.

The Court cannot order the Plaintiff to produce documents which do not exist. In addition, the Court finds that Defendants have not borne their burden showing that the information requested "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1); *Ellibee v. Higgins* 2006 WL 2398698 (D.Kan.2006) ("When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.") (citing *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 445 (D.Kan.2000)).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is denied.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**