IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**KENNETH MYERS,**

           **Plaintiff,**

**vs.**                                                      **Civ. No. 07-833 JH/ACT**

**ROGERS TRUCKING CO., INC.,
and ROBERT GWINN,**

           **Defendants.**


## MEMORANDUM OPINION AND ORDER

This case comes before the court on four motions in limine filed by the Defendants: *Motion in Limine to Exclude Expert Economic Opinion Testimony and Any Testimony Regarding Future Economic Losses* [Doc. No. 41], *Defendants' Motion in Limine to Exclude Dr. Goodluck's Testimony* [Doc. No. 65], *Defendants' Motion in Limine to Exclude Testimony and Evidence Regarding Two Transcribed Statements of Eyewitness Pat Quirici* [Doc. No. 67], and *Defendants' Motion in Limine to Exclude Plaintiff From Using Defendants' Expert to Establish the Reasonableness and Necessity of Plaintiff's Medical Bills* [Doc. No. 73].[1] After reading the briefs and considering the law and the evidence provided by the parties, the Court concludes that two of the motions will be granted, one will be denied, and one will be granted in part and denied in part.

## DISCUSSION

**I.    TESTIMONY REGARDING FUTURE ECONOMIC LOSSES**

In their motion, Defendants move for an order in limine excluding evidence or testimony

---

[1] Another motion in limine to prevent Myers from testifying at trial based on his alleged incompetence remains pending. *See* Doc. No. 131. Myers has yet to respond to that motion.

regarding Plaintiff Kenneth Myers' ("Myers") future economic losses.  As grounds for the motion, Defendants contend that Myers has not disclosed or identified an expert economist who can reduce any asserted future damages to present value, as required by New Mexico law.  *See, e.g., Monessen Southwestern Ry. Co. v. Morgan*, 486 U.S. 330, 339, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988) (damages awards should be based on present value); *State ex rel. Martinez v. Lewis*, 116 N.M. 194, 209, 861 P.2d 235, 250 (Ct. App. 1993) ("future damages ... must be discounted to present value").  The expert witness deadline has long passed, and Defendants argue that the matter of discounting damages to present value is outside the purview of a layman, requiring an expert with specialized knowledge to assist the jury.  Although Defendants' motion indicates that Myers opposes the relief sought, Myers has not filed a response brief.  In accordance with our Local Rules, failure to respond constitutes consent to grant the motion.  Accordingly, the motion in limine will be granted.

## II.     DR. GOODLUCK'S TESTIMONY REGARDING NECK AND BACK INJURIES

Defendants move to exclude Myers' treating physician, Dr. Kevin Goodluck, from testifying as to whether or not Myers suffered a soft tissue injury to his neck and back as a result of the accident.[2]  As grounds for the motion, Defendants point out that after the accident Myers never complained to Dr. Goodluck about neck and back injuries or pain, and therefore Myers did not treat Myers for such injuries.  Defendants argue that Dr. Goodluck has not reviewed medical records for Myers' treatment at the accident scene or at the emergency room on the day of the accident, nor has he reviewed medical records for the treatment that Myers received before the accident for neck and back problems. Therefore, Dr. Goodluck has no way of knowing whether or not Myers' injuries

---

[2] The Court has held, in a Memorandum Opinion and Order entered contemporaneously with this Memorandum Opinion and Order, that Defendants are entitled to summary judgment on Myers' claim for cognitive injuries.  Therefore, Dr. Goodluck will not be permitted to testify on that issue.

were pre-existing. Defendants point out that Dr. Goodluck has failed to review any depositions or answers to interrogatories in the case. Based on the foregoing, Defendants argue that Dr. Goodluck has insufficient foundation to testify as to causation. Furthermore, because Myers did not submit an expert report from Dr. Goodluck, Defendants argue that he should not be allowed to testify about the work of other healthcare providers as an expert would, and that he particularly should not be permitted to testify regarding any of Myers' medical records that Dr. Goodluck may have reviewed after his deposition.

The Court will grant the motion in limine in part and deny it in part. To the extent Myers wishes to have Dr. Goodluck testify regarding treatment that Myers received from other physicians which Dr. Goodluck did not rely upon for his own medical treatment of Myers, and to the extent Dr. Goodluck makes conclusions based on that treatment and those records, his testimony will be excluded as that of an expert. Because Myers did not provide Defendants with an expert report for Dr. Goodluck, it would be unfair to allow him to testify as to those matters. However, to the extent Dr. Goodluck can testify to a reasonable degree of medical probability as to the cause of Myers' head and neck injuries based upon his own treatment of Myers, he may do so. The validity of Dr. Goodluck's conclusions, and the foundation for those conclusions, are a proper subject for cross-examination.

### III.   TRANSCRIBED STATEMENTS OF PAT QUIRICI

Pat Quirici is an eyewitness to the accident in the case. Quirici gave a recorded statement to a local insurance adjuster, who then made two transcripts of the recording. There are differences in the transcripts, though having compared the two transcripts side by side the Court concludes that the differences are fairly minor. Defendants contend that during depositions in the case, counsel for Myers has tried to draw negative inferences from the fact that there are two transcripts of Quirici's

statement. Therefore, they move to exclude evidence of the two transcripts on the grounds that it is irrelevant, and that even if it has probative value, that value is outweighed by the danger of unfair prejudice and confusion of the jury. Although the motion appears to be opposed, Myers has not filed a response to it and therefore, in accordance with our Local Rules, his lack of response constitutes consent to grant the motion.

The motion will be granted, as the Court can discern no probative value in the evidence. Accordingly, Myers may not introduce evidence of two differing transcripts of Quirici's statement for the purpose of insinuating wrongdoing by Defendants.

### IV.   ESTABLISHING THE REASONABLENESS OF PLAINTIFF'S MEDICAL BILLS

Defendants move for an order *in limine* prohibiting Myers from using Defendants' expert, Dr. Don Seelinger, to establish the reasonableness and necessity of Myers' medical bills.[3] As noted above, Myers has no expert physician and his own treating doctor, Dr. Goodluck, has stated by affidavit that he has no idea as to what bills may be reasonable and necessary in the medical community. At Dr. Seelinger's deposition, counsel for Myers presented Dr. Seelinger with a summary of his medical bills and asked if they appeared to be reasonable and necessary. Dr. Seelinger responded, "None of these numbers surprise me." Seelinger Depo. at p. 35.

Defendants contend that Dr. Seelinger's testimony on this issue should be prohibited because it is outside the scope of his expert report. However, as Dr. Seelinger is Defendants' expert and they can speak with him at their leisure, there is no danger of unfair surprise at trial on this issue. Provided that Myers can lay a proper foundation, he may ask Dr. Seelinger about the reasonableness

---

[3] It is unclear from the briefs whether there is a dispute as to the authenticity of the bills themselves or whether they qualify for the business records exception to the hearsay rule. In this Court's experience, most litigants are able to stipulate as to the authenticity of the bills and to the fact that they are business records, obviating the need for the testimony of record custodians.

and necessity of his medical bills. The motion in limine will be **DENIED**.

**IT IS THEREFORE ORDERED** that:

(1)   Defendants' *Motion in Limine to Exclude Expert Economic Opinion Testimony and Any Testimony Regarding Future Economic Losses* [Doc. No. 41] is **GRANTED**,

(2)   *Defendants' Motion in Limine to Exclude Dr. Goodluck's Testimony* [Doc. No. 65] is **GRANTED IN PART** and **DENIED IN PART** as explained above,

(3)   *Defendants' Motion in Limine to Exclude Testimony and Evidence Regarding Two Transcribed Statements of Eyewitness Pat Quirici* [Doc. No. 67] is **GRANTED**, and

(4)   *Defendants' Motion in Limine to Exclude Plaintiff From Using Defendants' Expert to Establish the Reasonableness and Necessity of Plaintiff's Medical Bills* [Doc. No. 73] is **DENIED**.

                                                  UNITED STATES DISTRICT JUDGE