IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH MYERS,

                    Plaintiff,

vs.                                                    Civ. No. 07-833 JCH/ACT

ROGERS TRUCKING CO., INC.,
and ROBERT GWINN,

                    Defendants.


ORDER ON APPLICATION FOR REVIEW BY THE COURT
OF CLERK'S ORDER SETTLING COSTS

        This matter comes before the Court on a *Motion for Taxation of Costs* filed by

Defendants Rogers Trucking, Inc. and Robert Gwinn [Doc. 177] as well as Plaintiff's

*Application for Review by the Court of Clerk's Order Settling Costs* [Doc. 183] in which

Plaintiff asks the Court to reduce the cost award made by the Clerk to Defendants.  After

considering the briefs, their attachments, and the law, and being otherwise fully informed, the

Court will grant in part and deny in part Defendants' motion for taxation of costs and grant in

part and deny in part Plaintiffs' motion objecting to the Clerk's order settling costs.

DISCUSSION

        Having prevailed via a jury verdict following a four-day trial, and having had all claims

against them dismissed with prejudice, *see* Doc. 175, Defendants now move for taxation of costs.

In the *Clerk's Order Settling Costs* [Doc. 182], the Clerk awarded Defendants $7,929.50 of the

$15,717.58 that they had initially sought.  Plaintiff's Application for Review seeks to further

reduce the $7,929.50 awarded by the Clerk, raising three objections that will be discussed below.

As an initial matter, although Defendants imply that Plaintiff is doing something improper in petitioning this Court by "attempt[ing] another bite at the apple by repeating the same arguments previously considered and rejected by the Clerk," Defendants' Response to Plaintiffs Application for Review (hereinafter "Def't. Resp.") [Doc. 185] at 2, Plaintiff's motion is proper under the Federal Rules of Civil Procedure and should not be criticized.

    1.  <u>Costs for Marie Slagle</u>

D.N.M.LR-Civ.54.2(c)(1)(A) allows for taxation of a lay witness' costs "if the witness testifies at trial or at a deposition found reasonably necessary to the litigation." D.N.M.LR-Civ. 54.2(c)(1)(D) states that "[a] party will not receive a witness fee, mileage or allowance for subsistence." The Clerk allowed airfare and travel and subsistence fees for Marie Slagle in the amount of $2,262.40, and Plaintiff challenges the allowance of those costs. Marie Slagle is the Safety Director for Rogers Trucking. Despite Defendants' contention that Ms. Slagle was identified by Plaintiff as a trial witness, *see* Def't. Resp. at 2, Plaintiff's witness list did not, in fact, list Ms. Slagle. *See* Plaintiff's Final Witness List [Doc. 163]. Nor did Ms. Slagle testify at trial. In addition, although the parties invoked Federal Rule of Evidence 615, Ms. Slagle remained in the courtroom throughout the testimony of other witnesses. Thus, the only capacity in which she appeared at trial was as a corporate representative. As such, Defendants are not entitled to costs for her appearance at trial. *See, e.g., Battenfield of Am. Holding Co. v. Baird, Kurtz, and Dobson*, 196 F.R.D. 613, 619 (D. Kan. 2000)(denying witness fees for corporate representative and listing cases in accord). Accordingly, the Clerk's award of costs will be reduced by $2,262.40.

    2.  <u>Airfare for Guy McLean</u>

Under 18 U.S.C. § 1821(c)(1), a witness who travels by common carrier will be paid for

the actual expense incurred, but the "witness shall utilize a common carrier at the most economical rate reasonably available." The roundtrip airfare for Guy McLean from Bristol, Tennessee to Albuquerque was $1,543.90. Plaintiff contends that this was not the most economical rate, and has presented an affidavit from a travel agent stating that, if Mr. McLean had purchased a ticket nearly two months before trial[1], he could have paid only $309. The affidavit also lists lower prices that could have been paid had the ticket been purchased three weeks or two weeks in advance of trial. The affidavit does not say whether this hypothetical ticket would have been refundable, as was the ticket ultimately purchased, and does not present evidence that a less expensive fare was available on the date the ticket was actually purchased. The Court will not second-guess Defendants' decision to wait until just before trial to purchase a ticket for their witness, especially given that this trial was set on a trailing docket with numerous criminal cases ahead of it that took priority and that a fairly substantial Offer of Judgment was still pending. The Court upholds the Clerk's award of airfare costs in the amount of $1,543.90.

    C. Guy McClean's Multi-day Witness Fee

    Although Guy McLean testified for less than an hour, the Clerk awarded travel and subsistence fees for the entire length of the trial. Plaintiff contends that Mr. McLean's fees should be limited to the day he spent as a testifying witness. The Court disagrees. Mr. McLean was a trial witness who was reasonably necessary to the litigation. He was present in Albuquerque for the entire length of the trial, and it was not clear ahead of time at what point his testimony would be required. To limit his costs to only one day of *per diem* would not be

---

[1] The affidavit states that the $309 rate was based on purchase prior to March 13, 2009. *See* Affidavit of Tom Mahon, attached to Plaintiff's Application for Review by the Court of Clerk's Order Settling Costs [Doc. 183]. The trial commenced on May 11, 2009.

reasonable, and is not supported by the *per diem* statute, 28 U.S.C. § 1821.  Thus, the Court

upholds the Clerk's award of Mr. McLean's travel and subsistence fees of $718.50.

## CONCLUSION

The Clerk awarded costs to Defendants in the amount of $7,929.50.  The Court finds that

this award should be reduced by the amount of Marie Slagle's costs ($2,262.40) and upheld in

every other way.  IT IS THEREFORE ORDERED that Defendant's *Motion for Taxation of*

*Costs* [Doc. 177] is GRANTED in part and DENIED in part, and that Plaintiff's *Application for*

*Review by the Court of Clerk's Order Settling Costs* [Doc. 183] is GRANTED in part and

DENIED in part.

IT IS FURTHER ORDERED that Plaintiff is ordered to pay costs in the amount of

$5,667.10 as set forth above.

_____
**UNITED STATES DISTRICT JUDGE**